| | | |
|---|---|---|
| United States District Court | | Southern District of Texas |

| | | |
|---|---|---|
| Bayou City Properties, | § § § | |
| Plaintiff, | § § | |
| versus | § § | Civil Action H-09-1720 |
| American Economy Insurance Company, | § § | |
| Defendant. | § § | |

# Opinion on Summary Judgment

1. *Introduction.*

A business sues its insurer for rejecting its claim for repairs and reimbursement of a theft. The insurer says the policy does not cover its claims. It will prevail.

2. *Background.*

American Economy Insurance Company insured the house at 4912 Bissonnet Street, Bellaire, Texas. The house, built between 1948 and 1952 as a single-story, wood-frame residence on piers and beams, is now the office of Bayou City Properties.

On April 3, 2008, there was a theft from in Bayou City's office along with apparent vandalism. Computer files for the business were permanently deleted with purpose-specific software. Tangible items were taken. No signs of forced entry were found. Gil Allon, a property manager for Bayou City, was the last person seen in the office before the theft and has never returned to work. Bayou City has concluded that he is responsible.

On September 13, 2008, Hurricane Ike hit Houston, bringing high winds and heavy rain to Bellaire, a suburb nearby to the southwest. The house was in poor condition before the storm, having insect infestation, house movement, and poor maintenance. The engineers who inspected the property found rot, cracked walls and ceilings, uneven floors, un-plumb window and door frames, and moisture stains – all existing before the storm.

The winds tore shingles from the roof and damaged some of the fascia and flashing on it. Bayou City says the hurricane also shifted the house, causing additional cracks in the walls

and the floor in one room to separate from the wall. It has pleaded that the storm pushed the house into the ground nearly one foot at the rear.

3. *Theft.*

Bayou City bought coverage for employee dishonesty. That coverage does not extend to independent contractors. The parties have now agreed that Allon was an independent contractor. Independent contractors fall under the policy's exclusion for general dishonesty; this excludes coverage for dishonest acts by someone who was entrusted with the property affected by the dishonesty. Coverage, thus, depends on whether Allon was entrusted with Bayou City's office property.

  A. *Entrustment.*

As a property manager for Bayou City, Allon oversaw repairs, evictions, collections, and preparations for new tenants. Allon worked without direct supervision. To help him, Bayou City delivered to Allon keys to its office and the properties he managed. Allon was able to use the computers, desks, files, and supplies in the office any time.

American says that, by allowing Allon the keys and passwords to the computers, Bayou City entrusted Allon with everything in it. Bayou City says entrustment is akin to a bailment and that requires exclusive possession. Because several people had keys and passwords, the office was not entrusted to Allon.

The law recognizes sole and joint bailments. "If there are joint mandataries, each is responsible for the whole *in solido.*" Joseph Story, *Commentaries on the Law of Bailments* §195 (2d ed. 1840). Entrustment is not limited to items physically surrendered to a single person. While a bailment is a form of entrustment, it is illustrative of that relationship rather than exhaustive. Even if it were true that Allon needed to have sole control of the property, at the time of its destruction and disappearance, he did. No one else was there.

Entrustment means to confide something to another something of significance – an authority or object – for one's own purposes or coincident purposes with the other person. It can be limited or limitless. Allowing a delivery man to enter the offices to complete his specific task would not be entrustment of the contents should he swipe a secretary's purse on the way out. While physical delivery of tangible property is an element of a bailment, entrustment may be of an authority as in an agency or of a key as here. The key is physical but

its significance is intangible. Passwords are simply keys to the computer, like a combination to a safe. Telling someone where the combination is kept entrusts not just that datum but the contents of the safe. By giving Allon access to and control over the office, Bayou City commended its contents to him for the joint work of Bayou City and Allon. That others were similarly entrusted does not negate Bayou City's entrustment of Allon.

4. *Hurricane Damage.*

American hired two engineering firms to identify and assess the damage that was a consequence of the hurricane. Bayou City has submitted four reports by three engineers. All of the reports say the property suffered from long-term damage caused by foundation movement, insect infestation, and moisture.

After segregating the hurricane damage from the preexisting damage, Rimkus and West for American found that the cost of repairing the hurricane damage was less than the deductible. In contrast, Black Mountain, Harris Engineering, and Larry J. Lanze for Bayou City simply described what needed to be done to fix the house, not distinguishing any of it by causation. Bayou City wants the damages-costs in its reports to correct all the problems. Bayou City's technicians did not submit reports that meet the requirements for scientific testimony. The lack of causation determination alone means that the reports fail the first step.

As the insured, Bayou City must establish the damages caused by the covered event and establish the reasonable cost for those repairs. Bayou City has not separated the hurricane damage from damages from uncovered causes, as is its responsibility. By standards of admissible evidence, it has no evidence of hurricane-caused damage that exceeds the deductible.

Persisting in a false claim, Bayou City says its reports create a question of fact for what damage was caused by the hurricane and the amount of that damage. Then it says that it may wait until trial to segregate the various causes and attach a monetary value. The rules of procedure and the pretrial orders of the court do not allow it to sue and stall.

Bayou City attempts to shift the burden of gathering evidence, checking records, and correlating them on the insurer. American is not required to prove the element of causation or valuation; Bayou City is.

Black Mountain's estimate does not state which repairs are needed as a result of the hurricane. Lanze and Harris both acknowledge that multiple causes are responsible for the

house's poor condition, but neither of them estimated of the cost of repairs by source of the damage – hurricane and the rest. They would have had to articulate a technically competent, rational basis for that valuation. In sum, Bayou City has not shown the court any evidence that the cost of repairing the storm damage exceeds the deductible. Without that, it has no claim.

5.  *Extra-Contractual Liability.*

Bayou City says American violated the Texas Insurance Code and the Texas Deceptive Trade Practices Act when American refused to pay it what it dishonestly asked for. Texas law does not require payment of the assured's claim; it requires that the insurer adhere reasonably to its contract. American says it has no liability because it has promptly and reasonably responded to the insurance claim. It promptly and thoroughly responded to the lawsuit, while Bayou City did not.

The policy did not cover Allon's theft. Bayou City took inconsistent positions on the fact of Allon's status, sometimes saying he was an employee and sometimes saying he was a contractor. After claiming that every defect in the house was caused by the storm, Bayou City never attempted to allocate the damage by its cause. It produced unreliable reports misbegottenly predicated.

Even if American had breached the contract, extra-contractual liability would require that American had acted in bad faith. It did not; Bayou City's facts of bad faith are simply that American did not pay it what it wanted. The bad faith in this case belongs entirely to Bayou City.

6.  *Conclusion.*

The insurance policy does not cover the theft because Bayou City entrusted the contents of its office to Allon, an independent contractor. Because Bayou City has not shown that the hurricane-caused damage exceeds the amount of the deductible, American owes it nothing for its claim.

With no evidence of a breach of contract, Bayou City is wrong on its claim for extra-contractual remedies. The principal of Bayou City, Jon A. Holverson, filed this meretricious claim, and his lawyer supplemented it by pleading this meretricious case. Neither could have had a good faith belief of the soundness of their attack on American – not one based on facts

actually investigated and law thoughtfully researched. It was a naked grasp for someone else's money.

Bayou City will take nothing from American.

Signed on May __25__, 2010, at Houston, Texas.

                                        Lynn N. Hughes
                                   United States District Judge